UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

GARRATT EUGENE ROYALTY, II,

   Plaintiff,

V.

NICHOLAS CHANDLER, et al.,

   Defendants.

Civil Action No. 5: 20-401-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Garratt Eugene Royalty, II has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by prior Order. This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 1915(e)(2). This statute requires the Court to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When reviewing the plaintiff's complaint at this stage, the Court accepts all non-conclusory factual allegations as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Royalty states that in June 2020 he was taken into custody in Fayette County, Kentucky based upon one or more outstanding warrants. At that time, he was taken to the Fayette County Detention Center ("FCDC"). Royalty states that although there were charges or other matters pending against him in the courts of Shelby, Scott, and Fayette counties, in the ensuing weeks he was ordered released from custody in several of those cases. [R. 1 at 15]

However, he remained in custody at FCDC.[1]  Royalty states that he received a phone call from a drug rehabilitation facility regarding his eligibility for treatment.  *Id*.  He states that on several occasions he was unable to reach his attorney using various phone numbers given to him by several officers at the jail.  [R. 1 at 16]  Royalty also alleges that he has not been given stamped envelopes or access to law books, thus denying him access to the courts.  He further complains that it took more than sixty days for him to be taken to see a dentist because his condition was not deemed an emergency; he was given a blood pressure pill instead of antibiotics; he was forced to take a COVID-19 test which came back positive; and that he has written several unidentified persons regarding his concerns but none have responded.  *Id*. at 17.

Royalty further alleges without explanation that his mail has been tampered with; his phone account "doesn't work"; and that he has requested information about his pending cases from various prosecutors, sheriff's offices, and court officials, but has received no response.  [R. 1 at 18]  He further contends that the charges against him in Scott County violate the Double Jeopardy Clause.  Royalty filed a number of inmate grievances regarding at least some of these claims.  [R. 1-1 at 1-21]  Royalty contends these events violate unspecified rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, as well as the preamble to the Kentucky Constitution.  Royalty names 24 different defendants and seeks $7.5 million in damages as well as dismissal of the charges against him and his immediate release from custody.  *Id*. at 12, 19.

The Court has thoroughly reviewed Royalty's complaint and the materials he has filed in support of it, and concludes that it must be dismissed for several reasons.  The Court notes at the outset that, although not a basis for dismissal, Royalty's various claims asserted against two dozen

---

[1]  In the Scott County prosecution a significant cash bond was established and not posted; hence, Royalty remained in custody.  *Commonwealth v. Royalty*, No. 18-CR-00041 (Scott Cir. Ct. 2018); see https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=105&court=1&division=CI&caseNumber=18-CR-00041&caseTypeCode=CR&client_id=0 (visited on October 29, 2020).

2

different defendants and arising from different facts cannot properly be pursued together in a single complaint.  The joinder of multiple claims is governed by Rule 18 of the Federal Rules of Civil Procedure.  Rule 18(a) states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."  Where, as here, a plaintiff attempts to join claims against multiple defendants, Rule 20(a) provides the governing rule:

> (2) Persons … may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 20(a)(2) establishes that a defendant cannot be joined in an action if the claims asserted against him or her do not arise from the same event or course of events or which do not share common factual grounds or legal bases with the claims asserted against the other defendants.  *Wilson v. Bruce*, 400 F. App'x 106, 108 (7th Cir. 2010).  Regarding the interaction between these two rules, the Seventh Circuit has explained that:

> A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.  Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions.  See Fed. R. Civ. P. 18, 20; *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).  (To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences."  Rule 20(a)(1)(A).

*Wheeler v. Wexford Health Sources, Inc.*, 689 F. 3d 680, 683 (7th Cir. 2012).  *See also George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees."); *Vermillion v. Levenhagen*,

604 F. App'x 508, 512-13 (7th Cir. 2015) (even where claims or defendants are properly joined, Rule 21 authorizes district court to add or drop a party or to sever a particular claim to avoid undue delay, expense, confusion, or prejudice). Royalty's complaint appears to set forth nearly a dozen claims, arising from different facts and under various but unspecified legal theories, against 24 defendants. These claims may not be pursued in a single complaint.

Setting aside the matter of improper joinder, Royalty has failed to adequately plead a viable federal claim against any of the named defendants. To state a viable claim for relief, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). The Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Simply labeling the defendants' actions – whatever they might have been – as "negligent" or "discriminatory" deprives the defendants of notice of the conduct complained of, a notice to which they are entitled. A complaint that does not provide any factual basis for the claims asserted against a particular defendant must be dismissed for failure to state a claim. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."); *Kamppi v. Ghee*, 208 F.3d 213 (table), 2000 WL 303018, at *1 (6th Cir. May 14, 2000) ("Thus, the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.").

4

Of the 24 defendants identified by Royalty, he makes no allegations whatsoever against eighteen of them.[2] The claims against these defendants will be summarily dismissed for failure to state a claim. With respect to the other six defendants, Royalty makes only a brief allegation against each of them, and none of these state a viable claim for violation of his constitutional rights. These include his allegations that:

- during initial intake, Officer J. Hubbard told another officer "Don't worry, the preliminary voting are almost over." [R. 1 at 14 (*sic*)];

- on one occasion officer Chapman asked Royalty how it felt to be kidnapped, and then Chapman laughed [R. 1 at 16];

- Inmate Services officer J. Richey handed Royalty the telephone when he received a call from a drug rehabilitation center [R. 1 at 15], and later refused to give Royalty a stamped envelope but took the letter he wished to send and told him that it would be mailed for him [R. 1 at 18];

- when asked about an upcoming court date, Inmate Services officer Nicholas Chandler told Royalty to talk to his lawyer [R. 1 at 16]; and

- when Royalty asked for his attorney's telephone number so that he could contact him or her, officers Tabott, Williams, and Chapman each provided him with a different telephone number on different occasions [R. 1 at 16-17].

Even if the comments by officers Hubbard and Chapman could be considered unprofessional or improper, verbal abuse or harassment by jail or prison staff does not violate the Constitution. *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004)

---

[2] These include defendants officer Kristen Fryman, officer Shaun Allen Hubbard, Major Freeman, officer C. Brey, Governor Andy Beshear, "FCDC Jailer," "Scott County Sheriff," "Scott County Clerks," "Scott County Attorneys," Scott Circuit Court Judge Maddox, "Scott County Child Support Office," "Family Court Judge Scott County," officer Brandi Renee Ritchie, Corporal R. Moss, Shift Command R. Meadows, Court processing L. Meadows, G. Magness, and Rodney Johnson.

(holding "harassment and verbal abuse ... do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam).

Royalty does not clearly indicate what rights he believes were violated by the actions of officers Richey, Chandler, Tabott, Williams, and Chapman in failing to provide him with an accurate telephone number for his attorney, but he suggests that they interfered with his right of access to the courts. His allegations fail to state a claim for violation of that right in two respects. First, Royalty is represented by court-appointed counsel in the Scott County prosecution, and his right of access to the courts is adequately protected through that representation. *Cf. Adkins v. Burchett*, No. CV 15-75-HRW, 2015 WL 5945647, at *5 (E.D. Ky. Oct. 13, 2015) ("A prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel.") (*quoting Holt v. Pitts*, 702 F. 2d 639, 640 (6th Cir. 1983)); *United States v. Manthey*, 92 F. App'x 291, 297 (6th Cir. 2004). Second, to state a viable right-of-access claim, the plaintiff must adequately and specifically plead intentional conduct that caused actual prejudice or injury to an otherwise meritorious claim. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Royalty's complaint includes none of the allegations required to state a viable claim, and the claims against these defendants must therefore fail.

The Court will therefore dismiss Royalty's claims under Section 1983. As for his claims arising under Kentucky law, a district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims, the Court concludes that the balance of judicial economy, convenience, fairness, and

comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist", and that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss the plaintiff's state law claims without prejudice.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff Garratt Royalty's federal claims asserted pursuant to 42 U.S.C. § 1983 are **DISMISSED**; Royalty's claims arising under state law are **DISMISSED WITHOUT PREJUDICE**.

2. Royalty's Complaint [R. 1] is **DISMISSED**.

3. This matter is **STRICKEN** from the Court's docket.

Dated November 03, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY